THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD LOOMIS and JOSEPH TOWER, Defendants.

County Court, Erie County, July 6, 1962.

*Carman F. Ball, District Attorney (Ralph W. Jackson* of counsel), for plaintiff. *Joseph P. Runfola* for Joseph Tower, defendant.

BURKE I. BURKE, J. This is a motion to dismiss a 15-month-old indictment, alleging burglary and larceny, for lack of prosecution.

Joseph Tower, one of two defendants named therein, cites residence address, places of employment, marriage license publication, marriage, wedding reception at Polish Falcon Hall and supervision by the County Probation Department in connection with a Vehicle and Traffic Law violation as evidence of his open and continuous residence and employment in the City of Buffalo from the date of said indictment, February 24, 1961, until the present time. The case of the other defendant was disposed of by a plea of guilty to petit larceny on April 7, 1961.

He states he had no knowledge of the indictment until May 31, 1962, when his wife reported observing his photograph in an Adam, Meldrum and Anderson store window under the word " Wanted ". Thereupon he communicated with and surrendered to police, and was arraigned in County Court June 1, 1962.

In opposition, the District Attorney submits affidavits of the mother of the codefendant, a girl friend of the codefendant, and a Police Department Sergeant who allege they talked to defendant by telephone on separate occasions and advised that police were seeking him, but made no mention of any indictment.

Are the several telephone conversations with defendant, advising that police wished to talk to him or were looking for him, sufficient cause to justify a 15-month delay in prosecution?

The Court of Appeals has indicated otherwise with this language in *People* v. *Prosser* (309 N. Y. 353, 358) : " It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the defendant is speedily brought to trial. And from this it follows that the mere failure of the defendant to take affirmative action to prevent delay may not, without more, be construed or treated as a waiver." The motion is granted.